THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GLENN GAREAUX,<br><br>              Plaintiff,<br><br>v.<br><br>ARONIK LLC,<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [8] ARONIK LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION**<br><br>Case No. 2:21-cv-00529-DBB<br><br>District Judge David Barlow |

Defendant Aronik LLC filed a Motion to Dismiss Plaintiff Glenn Gareaux's second cause of action for removal of copyright management information.[1] Because the Complaint alleges facts sufficient to make Gareaux's claim plausible, the court DENIES Aronik's motion to dismiss.

## BACKGROUND

Plaintiff Glenn Gareaux captured the photograph "Luz Del Sol" and granted permission to Austin Smith to post the photograph to Smith's Instagram page.[2] In the caption to the Instagram post, Smith included a camera emoji and a link to the Instagram page "@anthonygareaux," signifying that this was a link to the photographer's Instagram account.[3] Gareaux alleges that the @anthonygareaux account is his account.[4]

---

[1] Aronik LLC's Motion and Memorandum for Dismissal of Plaintiff's Second Cause of Action for Failure to State a Claim, ECF No. 8 at 1.
[2] Complaint, ECF No. 2 at ¶¶ 8–9.
[3] *Id.* at ¶ 10.
[4] *Id.* at ¶ 11.

The next day, Aronik posted the photograph to its Facebook and Instagram accounts.[5] Although Aronik identified Smith in its posts, it did not include credit to Gareaux or a link to Gareaux's Instagram feed.[6] Gareaux alleges that Aronik posted the photo without his license or permission.[7]

Now, Gareaux brings an action against Aronik for copyright infringement and removal of copyright management information.[8] Aronik moves to dismiss Gareaux's second cause of action for failure to state a claim.[9]

## STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[10] Each cause of action must be supported by sufficient, well-pled facts to be plausible on its face.[11] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, the court accepts all facts pleaded by the nonmoving party as true and grants all reasonable inferences from the pleadings in favor of the nonmoving party.[12] But the court disregards "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law.[13] When evaluating a 12(b)(6) motion to dismiss, the court may consider "not only the

---

[5] *Id.* at ¶ 12
[6] *Id.* at ¶¶ 13–14.
[7] *Id.* at ¶ 16.
[8] *Id.* at ¶¶ 17–24.
[9] ECF No. 8 at 1.
[10] Fed. R. Civ. P. 12(b)(6).
[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[12] *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

complaint itself, but also attached exhibits and documents incorporated into the complaint by reference."[14]

## DISCUSSION

The Digital Millennium Copyright Act ("DMCA") prohibits a person from removing certain types of copyright management information from a copyrighted work: "No person shall, without the authority of the copyright owner or the law-- (1) intentionally remove or alter any copyright management information."[15] The DCMA defines "copyright management information" to include "[t]he name of, and other identifying information about, the author of a work" when conveyed in connection with displays of a work.[16] In order to state a claim under the DCMA, a Plaintiff must allege the existence of copyright management information on their artwork.[17]

Aronik moves to dismiss Gareaux's DCMA claim on the basis that Gareaux failed to identify any copyright management information that Aronik removed when it posted the photograph.[18] In response, Gareaux argues that when Smith included a camera emoji immediately preceding "@anthonygareaux" in his Instagram caption, he identified Gareaux as the photographer and author of the photograph.[19] Thus, resolution of this motion to dismiss turns on whether the statement "📷: @anthonygareaux" in the caption of an Instagram post may be copyright management information under the DCMA.

---

[14] *Smith v. United States*, 561 F.3d 1090, 98 (10th Cir. 2009) (citations omitted).
[15] 17 U.S.C. § 1202(b)(1).
[16] *Id.* § 1202(c)(2).
[17] *Id.* § 1202(b)(1). *See also, e.g.*, *BanxCorp v. Costco Wholesale Corp*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010); *Stockart.com, LLC v. Engle*, No. 10-cv-00588-MSK-MEH, 2011 WL 10894610, at *10 (D. Colo. Feb. 18, 2011).
[18] ECF No. 8 at 5.
[19] Plaintiff's Opposition and Accompanying Memorandum of Law to Defendant's Motion to Dismiss, ECF No. 10 at 2–3.

Aronik argues that there are three reasons why the photo credit in the Instagram caption does not constitute copyright management information. First, Aronik argues, without reference to authority, that an indication by a third party as to who took a photograph cannot be copyright management information.[20] In addition to the lack of authority, the text of the statute does not support this argument—the statute defines copyright management information as "any of the following information [including the name of the author of a work] conveyed in connection with copies or phonorecords of a work or performances or displays of work, including in digital form. . . ."[21] The statute does not state that the name of the author of the work must be placed on the work by the author of the work himself. Other courts have found that copyright management information may be provided by a third party.[22] Thus, Aronik's first argument fails.

Second, Aronik argues that "there is no copyright notice or other indication that the photograph is copyrighted, and the link merely goes to an Instagram page which lacks such information." Thus, "the link is inadequate to meet the standards of 'copyright management information.'"[23] Again, Aronik provides no authority to support its argument. The text of the statute does not state that it requires that copyright management information include notice that a photograph is copyrighted—the statute defines copyright management information to include, among other things, "[t]he name of, and other identifying information about, the author of a

---

[20] Aronik LLC's Reply in Support of Motion for Dismissal of Plaintiff's Second Cause of Action for Failure to State a Claim, ECF No. 12 at 2.
[21] 17 U.S.C. § 1202(c).
[22] *See, e.g.*, *Mango v. Buzzfeed, Inc.*, 356 F. Supp. 3d 368, 372, 377 (S.D.N.Y. 2019) (holding that a "gutter credit" that identified the author of a photograph adjacent to the photograph in the *New York Post* constituted copyright management information); *Cable v. Agence France Presse*, 728 F. Supp. 2d 977, 978, 980–81 (N.D. Ill. 2010) (holding that a photo on a real estate firm's website that identified the photographer and included a hotlink to the photographer's personal website included copyright management information); *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 299, 305 (3d Cir. 2011) (holding that a "gutter credit" that identified the author of an image published in *New Jersey Monthly* could constitute copyright management information).
[23] ECF No. 12 at 2.

work."[24] Accordingly, Aronik's second argument fails for the same reasons its first argument failed.

Finally, Aronik argues that "there is no allegation in the Complaint that a person named Anthony Gareaux is an author of the work, or that such person obtained a copyright registration for the work as owner."[25] Essentially, Aronik argues that the photo credit link in the Instagram caption links to an account with the name "Anthony Gareaux," which cannot constitute copyright management information because it does not direct the public to "Glenn Gareaux," the actual legal name of the owner of the copyright.[26]

Section 1202 states that copyright management information includes "the name of, and other identifying information about, the author of a work."[27] The statute does not state that the provision is limited to the legal name of the copyright holder. It appears that the Tenth Circuit has never considered whether an author credit must be the exact legal name of the author to constitute copyright management information, but other district courts have considered this question. In *Fischer v. Forrest*, the district court held that copyright management information "need not exactly match the name of the copyright owner."[28] In *Bounce Exchange, Inc. v. Zeus Enterprise Ltd.*, the district court rejected the defendant's argument that the terms "bounce" and "bouncex" were not specific enough to identify Bounce as the author of software code, because "[t]he terms 'bounce' and 'bouncex' are sufficiently linked to the plaintiff's full corporate name to constitute [copyright management information]."[29] In *The Art of Design, Inc. v. Pontoon Boat,*

---

[24] 17 U.S.C. § 1202(c)(2).
[25] ECF No. 12 at 2.
[26] *Id.* at 3.
[27] 17 U.S.C. § 1202(c)(2).
[28] *Fischer v. Forrest*, 286 F. Supp. 3d 590, 608 (S.D.N.Y. 2018).
[29] *Bounce Exch., Inc. v. Zeus Enter. Ltd.*, No. 15cv3268, 2015 WL 8579023, at *4 (S.D.N.Y. Dec. 9, 2015).

*LLC*, the district court held that a statement claiming that "TAOD" owned a design was insufficient to qualify as copyright management information where the owner of the copyright was "The Art of Design, Inc."[30] The court noted that "the whole point of [copyright management information] is to 'inform the public that something is copyrighted and to prevent infringement'" and that, even though the purported copyright management information identifies "TAOD" as the owner, "if one were to see these designs and the above label, and search for this owner to verify the graphics' copyright status, the search would come up empty because the actual owners are The Art of Design, Inc. and/or Dean Loucks."[31] The court concluded: "Allowing a plaintiff to make out a DMCA claim based on alleged [copyright management information] that does not link up in any way to the copyright registration is an invitation to unfair litigation against parties who have tried to tread carefully to avoid copyright infringement."[32]

In this case, Gareaux alleges that the photo credit linked to the "@anthonygareaux" Instagram account and that this was his Instagram account.[33] Drawing reasonable inferences in favor of the non-moving party, these factual allegations are sufficient to defeat Aronik's motion to dismiss. Although the "@anthonygareaux" account did not include Gareaux's full legal name, the statutory text states that copyright information may include "other information about the author of the work."[34] The court cannot say on this record that a photo credit, with a link to Gareaux's professional Instagram account, could not constitute "other information about the

---

[30] *The Art of Design, Inc. v. Pontoon Boat, LLC*, No. 3:16-CV-595, 2017 WL 3608219, at *5 (N.D. Ind. Aug. 22, 2017).
[31] *Id.* The court further noted that the "problem is only magnified by the additional fact that there are *no* entities named simply 'TAOD' registered in the state of Indiana." *Id.* (emphasis in original).
[32] *Id.* (quoting *Pers. Keepsakes, Inc. v. Personalization.com, Inc.*, No. 11 C 5177, 2012 WL 414803, at *6 (N.D. Ill. Feb. 8, 2012)).
[33] ECF No. 2 at ¶ 10.
[34] 17 U.S.C. § 1202(c)(2).

author of the work" and could not qualify as copyright management information. This case is distinguishable from *The Art of Design* because, drawing reasonable inferences in the light most favorable to the plaintiff, the court cannot infer that Gareaux's Instagram account has no link whatsoever to the copyrighted photograph. And the photo credit that Smith included in the Instagram post could be sufficient to inform the public that the photograph was copyrighted. The factual allegations in the complaint are sufficient to survive Aronik's motion to dismiss because Aronik has not supplied any binding or fully apposite case law, and Gareaux has plausibly alleged that the Instagram post included copyright management information.

## ORDER

Because Gareaux has alleged facts sufficient to plausibly plead a cause of action under the DCMA, Aronik's motion to dismiss Plaintiff's second cause of action is DENIED.

Signed November 22, 2021.

BY THE COURT

_____
David Barlow
United States District Judge